# Siyufy v. Pennsylvania Company, Appellant.

*Carriers—Railroads—Initial and connecting carriers—Evidence—Presumption—Case for jury.*

In an action against a terminal carrier to recover the value of one case of rugs, the case is for the jury and a verdict and judgment for the plaintiff will be sustained, where the plaintiff testifies that he delivered to the initial carrier nineteen cases of rugs, one consigned to a point on the line of the initial carrier, and eighteen to a point on the line of the terminal carrier, and that only seventeen were delivered at such point, and two employees of the initial carrier testify that seventeen cases only were delivered for the point on the terminal line and that the word "eighteen" had been inserted in the bill of lading by mistake.

Argued Nov. 2, 1911. Appeal, No. 231, Oct. T., 1911, by defendant from judgment of C. P. No. 4, Allegheny Co., First Term, 1909, No. 58, on verdict for plaintiff in case of G. Siyufy v. Pennsylvania Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit to recover the balance of a case of rugs. Before CARNAHAN, J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $3,104.72. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Gordon Fisher* of *Dalzell, Fisher & Hawkins,* for appellant.—The presumption that the loss occurred on the defendant's line may be so conclusively rebutted that the Court in certain cases ought to direct a verdict in favor of the defendant. The quality and degree

of the defendant's testimony was such that the Court
ought to have entered judgment for the defendant in
the case at bar: Lonzer v. R. R. Co., 196 Pa. 610;
Schley v. R. R. Co., 227 Pa. 494; Second Nat. Bank v.
Hoffman, 229 Pa. 429; Sullivan v. R. R. Co., 175 Pa.
361; Holden v. R. R. Co., 169 Pa. 1; Woodward v. Ry.
Co., 145 Fed. Repr. 577; Farmers Nursery Co. v.
Cowan, 21 Pa. Superior Ct. 192.

*William A. Wilson,* for appellee.—In the case of con-
necting carriers, where proof is offered of the condition
or quantity of goods when delivered to the first carrier
and of their injury or loss before reaching their desti-
nation, the presumption is that the injury or loss was
occasioned by the negligence of the terminal carrier:
Vuille v. R. R. Co., 42 Pa. Superior Ct. 567; Cote v.
R. R. Co., 182 Mass. 290 (65 N. E. Repr. 400); Moore
v. N. Y., N. H. & H. R. Co., 173 Mass. 335 (53 N. E.
Repr. 816); Smith v. Railroad Co., 43 Barb., 225;
Laughlin v. Railway Co., 28 Wis. 204; Memphis &
Charleston R. R. Co. v. Holloway, 68 Tenn. 188; Dixon
v. Railroad Co., 74 N. C. 538; Leo v. Railway Co., 30
Minn. 438 (15 N. W. Repr. 872); Beard v. Railway Co.,
79 Iowa 518 (44 N. W. Repr. 800); Savannah, F. & W.
Ry. Co. v. Harris, 26 Fla. 148 (7 So. Repr. 544); Faison
v. Ry. Co., 69 Miss. 569 (13 So. Repr. 37); Forrester v.
Ga. Railroad & Banking Co., 92 Ga. 699 (19 S. E. Repr.
811); Union Pac. Ry. Co. v. Hepner, 3 Colo. App. 313
(33 Pac. Repr. 72); Burke v. Express Co., 87 Ill. App.
505; Western Maryland R. R. Co. v. Landis, 95 Md.
749 (53 Atl. Repr. 1124); Flynn v. Ry. Co., 43 Mo.
App., 424.

Where a presumption of negligence is imposed upon
defendant by law, and the defendant relies solely upon
oral evidence to rebut that presumption, the case is
for the jury: Second Nat. Bank v. Hoffman, 229 Pa.
429.

OPINION BY MR. JUSTICE MESTREZAT, January 2, 1912:

The plaintiff is a dealer in oriental rugs. On July 8, 1908, he delivered at the freight station of the Toledo & Ohio Railway at Findlay, Ohio, certain cases of rugs, one to be shipped to New York and the others to Mansfield, Ohio. A bill of lading or receipt for eighteen cases of rugs was delivered to the shipper by which the Railway Company agreed to carry the goods to Mansfield, if on its road, otherwise to deliver them to another carrier on the route to said destination. The rugs were placed in a car which was transferred at Dunkirk, Ohio, to the defendant company, the connecting carrier, which took the car over its own line to Mansfield, the destination of all the cases except the one consigned to New York. That case was taken from the car at Dunkirk and its transportation was continued over the initial carrier's line to New York. The defendant gave notice to the consignee of the arrival of the goods at Mansfield. It appears on the notice that eighteen cases of rugs were shipped at Findlay for Mansfield, but the notice directed attention to the fact that the consignment was one case short on arrival at Mansfield, there being only seventeen cases. The plaintiff alleges that he delivered nineteen cases of rugs to the initial carrier at Findlay and that one case was to be shipped to New York and eighteen cases to Mansfield. The defendant company having delivered but seventeen cases and refusing to account for the other case, the plaintiff brought this action of assumpsit to recover damages for the loss of the case which was not delivered. The defense was that but eighteen cases were delivered to the carrier at Findlay, seventeen of which were to be shipped to Mansfield and one to New York. The learned court below submitted the case to the jury which returned a verdict for the plaintiff. No motion for a new trial was made, but the defendant moved for judgment non obstante veredicto which

was refused.   Judgment having been entered on the verdict, the defendant has taken this appeal.

The assignments allege error in the court in not directing a verdict for the defendant company, and subsequently in refusing to enter judgment for the defendant non obstante veredicto.   The position of the defendant company, as stated by its counsel, is that under the circumstances disclosed on the trial the presumption that the loss occurred on the company's line was so decisively met by its evidence as to shift the burden of proof, and that the plaintiff did not meet the burden thus shifted to him, and therefore the court should have directed a verdict for the defendant.   We do not regard this position as tenable.   The case, as tried, resolved itself into the single question of fact whether the plaintiff had delivered to the initial carrier at Findlay seventeen or eighteen cases of rugs to be transported to Mansfield.   If eighteen cases were received by the initial carrier at Findlay for shipment to Mansfield to be carried over its own line and the defendant's line, the subsequent failure of the defendant to deliver the eighteen cases cast the burden upon it to account for the failure to make the delivery of all the cases to the consignee at Mansfield.   Under the circumstances a presumption arose that the loss occurred on the defendant company's line.   It is not alleged that all the rugs received by the initial carrier for shipment to Mansfield were not delivered to the defendant at Dunkirk to complete the transportation. The delivery of the rugs to the initial carrier and the failure of the connecting carrier to deliver them at their destination raised the presumption of negligence on the part of the defendant company which it was called upon to rebut.   It made the attempt to rebut the presumption by showing that only seventeen cases of rugs had been delivered to the initial carrier at Findlay for transportation to Mansfield.   In no other way did the defendant attempt to meet the presump-

tion of negligence arising from the failure to deliver the case of rugs. It is apparent therefore that whether the presumption of the defendant's negligence was rebutted or not turned upon the disputed fact whether the rugs were delivered, as alleged by the plaintiff, to the initial carrier at Findlay. Under the evidence offered it is manifest that the court could not have declared that the presumption was conclusively rebutted and directed a verdict for the defendant. The plaintiff testified clearly and distinctly that he had delivered eighteen cases to be shipped to Mansfield. He was corroborated by the bill of lading or receipt of the defendant company's billing clerk acknowledging the receipt of eighteen cases to be shipped to Mansfield. The notice given by the defendant company to the consignee at Mansfield while noting a case short stated that eighteen cases had been delivered to the initial carrier at Findlay for shipment. This evidence clearly made out a case which the learned court was required to submit to the jury. The facts as thus proven raised a presumption of negligence on the part of the defendant company.

The billing clerk and the checking clerk of the initial carrier testified for the defendant. These witnesses denied that eighteen cases of rugs had been delivered at Findlay for shipment to Mansfield, or that that number of cases had been shipped to that destination. They further denied that eighteen cases of rugs were placed in the car for shipment to Mansfield. They testified that they counted the number of cases that were delivered originally to the initial carrier at Findlay and that in all they only numbered eighteen, and one of the cases was to be shipped to New York and seventeen to Mansfield. The billing clerk further testified that after the cases had all been delivered he counted them and made out a bill of lading originally for seventeen cases to be shipped to Mansfield and one case to New York, but there being

some dissatisfaction on the part of the plaintiff by reason of freight charges he made out another bill of lading in which the rate was reduced and in which the number of cases to be shipped to Mansfield was erroneously stated to be eighteen instead of seventeen. The defendant claims that the testimony of these two witnesses show that but seventeen cases of rugs were received for shipment to Mansfield, and explains how the error in the bill of lading occurred. But in view of the plaintiff's evidence it would have been error for the learned court below to have instructed the jury that the testimony of these two witnesses conclusively showed that but seventeen cases of rugs had been delivered to the initial carrier for transportation, and that therefore the verdict should be for the defendant. The plaintiff made out a case for the jury by his own testimony and the bill of lading issued by the initial carrier. This raised the presumption which the defendant had to meet. The attempt to meet it was solely by the introduction of oral testimony which had to be submitted for the consideration of the jury. The credibility of the witnesses was for the jury and not for the court. Whether the defendant met and overcome the plaintiff's testimony as to the disputed fact of delivery of the rugs to the carrier at Mansfield was a question clearly within the province of the jury. If it was decided by that body in favor of the defendant, there was no delivery to the initial carrier of the missing case of rugs and upon the failure of the connecting carrier to deliver it at the destination there was no presumption of negligence on the part of the defendant which would impose liability in this case. If on the other hand the jury found that the missing case was delivered to the initial carrier to be shipped under the bill of lading to Mansfield, and the connecting carrier did not deliver it to the consignee, there arose a presumption of negligence on the part of the defendant which was not rebutted and the plaintiff was entitled to recover. The

single question of fact, determinative of the case, was for the jury, and the learned trial judge was right in refusing to enter judgment for the defendant notwithstanding the verdict.

The judgment is affirmed.

MR. JUSTICE ELKIN, dissents.